NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4704
_____

UNITED STATES OF AMERICA

v.

RUBEN VELEZ
a/k/a Roberto Hernandez

Ruben Velez,
                                Appellant

_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-06-cr-00338-002)
District Judge:  Honorable Paul S. Diamond
_____

Submitted Under Third Circuit LAR 34.1(a)
March 8, 2011
_____

Before:  SCIRICA, AMBRO, and VANASKIE, Circuit Judges

(Opinion filed: May 11, 2011)
_____

OPINION
_____

AMBRO, Circuit Judge

        Ruben Velez was convicted by a jury of drug charges and sentenced to concurrent

terms of life and 120 months' imprisonment.  On appeal, he contends that the District

Court erred by selecting the jury and answering the jury's questions in his absence and finding that he had two prior felony drug convictions, and that his sentence violates the Fair Sentencing Act. We disagree, and thus affirm. [1]

As we write solely for the parties, we recite only those facts necessary for our decision. A grand jury indicted Velez on two drug charges—count one, possession with intent to distribute 50 grams or more of cocaine base, and count two, possession with intent to distribute 500 grams of powder cocaine, both in violation of 21 U.S.C. § 841(a)(1)—and two firearms charges. Prior to trial, the Government filed an Information alleging that Velez had previously been convicted of two felony drug offenses, a fact that would trigger a mandatory life sentence under 21 U.S.C. § 841(b)(1)(A) if Velez were convicted of count one. He objected to that Information. In December 2007, a jury convicted Velez of the two drug charges.[2] At sentencing, the District Court overruled his objection to the Government's Information, and sentenced Velez to life imprisonment on count one, and a concurrent 120-month term of imprisonment on count two. This appeal followed.

We review a district court's sentencing decision for an abuse of discretion, "but the amount of deference we give . . . depend[s] on the type of procedural error asserted in the appeal. . . . [I]f the asserted procedural error is purely factual, our review is highly

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

[2] He was acquitted on the charge of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The second firearms charge, possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), was dismissed upon motion by the Government.

2

deferential and we will conclude there has been an abuse of discretion only if the district court's findings are clearly erroneous. . . . On the other hand, we do not defer to a district court when the asserted procedural error is purely legal . . . ." *United States v. Wise*, 515 F.3d 207, 217 (3d Cir. 2008). We review objections that were not preserved at trial for plain error. *United States v. Boone*, 279 F.3d 163, 174 n.6 (3d Cir. 2002).

On appeal, Velez makes four arguments, the first three of which he failed to raise at trial. First, he argues that we must reverse his life sentence for count one because, since his sentencing, Congress enacted the Fair Sentencing Act, Pub. Law 111-220, under which he would no longer be subject to a mandatory life sentence.[3] We disagree. Congress did not make the Act retroactive; for crimes committed prior to August 3, 2010, the mandatory penalties previously set forth in § 841(b)(1) continue to apply. Velez committed his crimes in 2005, was convicted in 2007, and sentenced in 2008. Thus, the Fair Sentencing Act does not apply.

Second, Velez contends that his rights under the Fifth and Sixth Amendments to the Constitution were violated when, during deliberations, the District Court answered questions presented by the jury without allowing him to be present. Again, we disagree.

While a defendant has a right to be present at every stage of his criminal proceeding, violations of the right are subject to a harmless error analysis. *United States v. Toliver*, 330 F.3d 607, 612-13 (3d Cir. 2003). "'[I]f there is no reasonable possibility

---

[3] The Act amended 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B) to reflect a ratio of 18:1, instead of 100:1, between sentences for possession of crack and powder cocaine, thereby increasing to 280 grams the threshold amount of crack required for application of section 841(b)(1)(A) (containing mandatory minimums). Velez was found in possession of 140 grams of crack.

of prejudice from the error, it is deemed harmless.'" *Id.* at 612 (alteration in original) (quoting *United States v. Alessandrello*, 637 F.2d 131 (3d Cir. 1980)).[4] Here, we are convinced that Velez was not prejudiced by his absence from this stage of the proceedings. Velez's counsel, who was present and consulted by the District Court prior to answering each inquiry, failed to object or even note his absence. Further, his counsel participated fully in the proceedings, and consented to each of the Court's responses to the jury before they were given. Finally, the jury's questions and the Court's responses were noncontroversial—the jury requested to view the evidence and written jury instructions (which the Court allowed), the jury asked about the definition of possession (in response to which the Court re-read the jury instruction previously approved by defense counsel), and the jury asked a factual question regarding testimony (in response to which the Court instructed the jurors to rely on their own recollections). On these facts, we conclude that any error committed by the District Court in declining to allow Velez to be present was harmless.

Third, Velez asserts that his Fifth and Sixth Amendment rights were violated because the jury was selected outside the presence of the public and the selection process was not recorded. The record refutes his claims. The jury selection process was indeed conducted in a public courtroom and a transcript was made of the proceedings. Velez seemingly misunderstands the docket entries he cites – in particular, he appears to

---

[4] Velez does not argue on appeal that his exclusion from these proceedings deprived him of an opportunity to make a timely objection to that exclusion. Ordinarily, this would mean that we would review under a plain error standard. However, because Velez is proceeding *pro se*, we will give him the benefit of the doubt and conduct a harmless error, rather than plain error, analysis.

confuse the entry for "drawing of jury panel members," the summoning of the panel from the jury waiting room, for which the record reflects he waived his right to be present, and *voir dire*, for which he was present. Thus, this claim is without merit.

Finally, Velez argues that the Court erred in finding that he had two prior felony drug convictions, and thus in imposing a mandatory life sentence. This argument also fails. Velez's prior offenses occurred 28 months apart, with five intervening arrests. Although he was sentenced for both offenses on the same day, this does not change the analysis—the offenses are not somehow "related" or "consolidated" under the United States Sentencing Guidelines, as Velez claims. *See, e.g., United States v. Harris*, 369 F.3d 1157, 1168 (10th Cir. 2004) ("Although it is true [that] the Sentencing Guidelines allow prior sentences to be considered as 'related'. . . for purposes of computing a defendant's criminal history score, . . . it is clear from the language of § 841(b)(1)(A) that Congress has adopted a different position. The plain language of § 841(b)(1)(A) only requires the existence of 'two or more prior convictions for a felony drug offense,' and there is no exception for cases, such as the one at hand, where concurrent sentences were imposed for two or more separate drug convictions.").

\* \* \* \* \*

For these reasons, we affirm.